AHHRN, J.,
delivered the opinion of the Court.
The Court is of opinion that the responsibility of the plaintiff in error in this case is to be ascertained and determined by the contract between the high sheriff and Street and Turnbull, to whom he farmed the sheriffalty; in pursuance of which contract the plaintiff in error was selected and employed as a deputy by the said Street and Turnbull, and permitted to qualify as a deputy sheriff by the high sheriff.
That by the terms of the contract referred to, the said Street and Turnbull were to have the management of the sheriffalty, to perform or have performed the duties of the office, to select and employ deputies, to control and have power to dismiss them. This contract construed with reference to the subject matter thereof, did not and could not divest the high sheriff of his power to dismiss any of said deputies, or of his right to refuse to permit any person so selected and employed by Street and Turn-bull to qualify as a deputy: But subject to such power, the contract constituted Street and Turnbull his general agents, with full authority to control the persons selected by them to the same extent he himself might have done. If the sheriff requires his deputy to return process or pay over money, collected to him, though in certain cases provided for by statute, the creditor might have a remedy against the deputy, notwithstanding such payment to the high sheriff, the latter if made responsible, could on no ground claim to subject the deputy to a liability, when so far as respected the sheriff, he had been guilty of no default. In accordance with the agreement and understanding of the parties, the plaintiff in error was selected and employed by Street and Turnbull, and was permitted by the high sheriff to *qualify as his deputy without executing any bond to indemnify the high sheriff; and in pursuance of the directions of Street and Turnbull delivered to them or one of them process, and paid over the money collected by him; thus doing what the high sheriff had agreed he should do when he constituted Street and Turnbull his general agents in relation to the office, with power to select and employ, to control and dismiss, the deputies. In the case of Sailing v. M’Kinney, 1 Heigh 42, it was agreed that the sub-deputy was to be accountable to the deputy who had farmed a particular bailiwick of the county to him, but the sheriff was not privy to such agreement, and permitted the sub-deputy to qualify at the instance of the deputy; the sub-deputy giving to the sheriff a bond to indemnify him against any loss arising from his acts. In the present case the sheriff must be treated as privy to the arrangements between Street and Turnbull and their sub-deputies, for it grew out of the contract which he had made. He looked to Street and Turnbull as the parties responsible to him, and therefore' required no bond from the plaintiff in error when he qualified as deputy.
Reversed with costs, and this Court proceeding to render such judgment as the Court below ought to have rendered—Judgment for defendant, with costs.